FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Oct 4, 2018
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DALE SHEPARDSON, Individually and on Behalf of All Others Similarly Situated**                                                                 **PLAINTIFF**

vs.                                  No. 3:18-cv-__3105__

**MIDWAY INDUSTRIES, INC.; TOOL STEEL SERVICE, INC.; and TOOL STEEL SERVICE OF CALIFORNIA, INC.**                                **DEFENDANTS**

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Dale Shepardson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action (the "Complaint") against Defendants Midway Industries, Inc., Tool Steel Service, Inc., and Tool Steel Service of California, Inc. (collectively "Defendants"), he does hereby state and allege as follows:

### I.
### PRELIMINARY STATEMENTS

1. This is a hybrid class and collective action brought by Plaintiff Dale Shepardson, individually and on behalf of all other similarly situated hourly-paid employees who are or were employed by Defendants at any time within the three (3) year period preceding the filing of this Complaint, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §

201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff brings this action under the FLSA and the AMWA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff and other hourly-paid employees proper overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.
## JURISDICTION AND VENUE

4. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of the AMWA, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect against Plaintiff within the Harrison Division of the Western District

of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. Upon information and belief, the witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. Upon information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.
## THE PARTIES

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff Dale Shepardson is an individual and resident of Baxter County.

13. Plaintiff was employed by Defendants as an hourly-paid employee at Defendants' facility in Midway within the three (3) years preceding the filing of this Complaint.

14. At all times relevant herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

15. Defendant Midway Enterprises, Inc., is a domestic for-profit corporation, and it may receive service of process through its registered agent, Jodi G. Carney, at 210 West 7th Street, Suite 1, Mountain Home, Arkansas 72653.

16. Defendant Tool Steel Service, Inc., is a foreign for-profit corporation, headquartered and registered in the State of Illinois, and not registered or licensed to do business in the State of Arkansas but doing business through its Midway, Arkansas facility, and it may receive service of process through its registered agent, Daniel G. Coman, at 2300 Cabot Drive, Suite 455, Lisle, Illinois 60532.

17. Defendant Tool Steel Service of California, Inc., is a foreign for-profit corporation, headquartered and registered in the State of Illinois, and not registered or licensed to do business in the State of Arkansas but doing business through its Midway, Arkansas facility, and it may receive service of process through its registered agent, Daniel G. Coman, at 2300 Cabot Drive, Suite 455, Lisle, Illinois 60532.

18. Upon reasonable information and belief, Defendants are jointly governed and operated as a single entity with multiple locations by the same officers and directors, with each location having its own corporate registration.

19. Defendants jointly maintain a website, www.toolsteel.com, and on this website each Defendant is listed as being a location of a single enterprise, with Midway Industries, Inc., being listed as the Arkansas location, Tool Steel Services, Inc., being listed as the Illinois location and headquarters, and Tool Steel Services of California, Inc., being listed as the California location. This information can be located, specifically, at www.toolsteel.com/locations.

20. Defendants Midway Industries, Inc., and Tool Steel Services of California, Inc., each have managers at their respective locations, but are directed,

overseen, and jointly operated by the officers and directors of Defendant Tool Steel Services, Inc.

21. These above-listed entities were operated as a single enterprise by Defendants, in which profits were comingled, there was joint oversight and management, and centralized pay policies were applied to all employees, regardless of location.

22. Defendants act jointly as an "employer," within the meanings set forth in the FLSA and the AMWA, and were at all times relevant to the allegations in this Complaint the employer of Plaintiff and the members of the proposed collective and class.

23. Together, these entities jointly established and uniformly applied the pay policy that affected Plaintiff and other hourly-paid employees.

24. Together, these entities jointly determined the hours worked by Plaintiff and other hourly-paid employees and the manner in which Plaintiff and other hourly-paid employees performed their job duties.

25. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

26. Upon reasonable information and belief, revenue from the individual Defendants' locations was merged and managed in a unified manner.

27. As a result of this unified operation, control and management, with the authority to establish wages and wage policies, Defendants operated as a single enterprise.

28. During each of the three (3) years preceding the filing of this Complaint, Defendants employed at least two (2) individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

29. Defendants' annual gross volume of sales or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

30. At all relevant times, Defendants continuously employed at least four (4) employees.

## IV.
## FACTUAL ALLEGATIONS

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

32. During the three (3) years prior to the filing of this lawsuit, Plaintiff was worked for Defendants at their Midway, Arkansas location as an hourly-paid employee.

33. Defendants directly hired Plaintiff and other hourly-paid employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34. Plaintiff and other hourly-paid employees performed the same or similar duties related to the processing and preparation of steel products for sale and transportation, and they were regularly assigned to perform the same job duties as other employees, depending on the Defendants' needs and requirements..

35. Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week.

36. It was Defendants' commonly applied policy to not pay Plaintiff and other hourly-paid employees a lawful overtime premium for all hours worked over forty (40) in a given week. Instead, Defendants would track Plaintiff's and other hourly-paid employees' time and award "comp" time for any time worked over forty (40) hours per week at their regular hourly rate, with no premium for overtime being included.

37. Defendants did not pay Plaintiff and other hourly-paid employees a lawful overtime premium of one and one-half (1.5) times their regular rate for all hours in excess of forty (40) in one or more weeks during the period of time relevant to this lawsuit.

38. Plaintiff and other hourly-paid employees were and are entitled to lawful overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in each week.

39. At all relevant times, Defendants knew or should have known that Plaintiff and other hourly-paid employees were working hours for which they were not receiving proper compensation.

40. At all relevant times, Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and other hourly-paid employees violated the FLSA and the AMWA.

## V.
## REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA §216(b) Collective

41. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as if fully set forth in this section.

42. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Plaintiff brings his FLSA claims on behalf of all hourly-paid employees at any time within the applicable statute of limitations period, who were not paid a lawful overtime premium by Defendants for all hours worked over forty (40) per week and who are entitled to payment of the following types of damages:

    A. Proper payment for all hours worked and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

    B. Liquidated damages; and,

    C. Attorneys' fees and costs.

44. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

45. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

    B. They were paid hourly;

    C. They performed substantially similar job duties; and

    D. They were subject to Defendants' common policy which awarded "comp" time for hours worked in excess of forty (40) per week at their normal hourly rate in lieu of overtime, in violation of the overtime requirements of the FLSA.

47. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds fifty (50) persons.

48. In the modern era, most working-class Americans have become increasingly reliant on electronic means of communication, such as email and, most particularly, text messages, and generally use them more often in their daily lives than traditional U.S. Mail.

49. Defendants can readily identify the members of the Section 16(b) Collective. The names, email addresses, cell phone numbers, and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.     AMWA Rule 23 Class

50.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

51.     Plaintiff proposes to represent the class of hourly-paid employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

52.     Common questions of law and fact relate to all members of the proposed class, such as whether Defendants lawfully and properly paid the members of the proposed class for all hours worked, including a lawful overtime rate, in accordance with the AMWA.

53.     Common questions of law and fact predominate over any questions affecting only the individual named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

54.     The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair

competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

55. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

56. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

57. Concentrating the litigation in this forum is highly desirable because Defendants operate a facility in or are based in the Western District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

58. No difficulties are likely to be encountered in the management of this class action.

59. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly-paid employee for Defendants and experienced the same violations of the AMWA that all other class members suffered.

60. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

61. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

62. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.
## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

65. At all relevant times, Defendants were jointly Plaintiff's "employer" within the meaning of the FLSA.

66. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA.

67. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

68. Defendants failed to pay Plaintiff a proper and lawful premium of one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

69. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

70. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, as provided by the FLSA.

71. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.
## SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

72. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

73. Plaintiff asserts this claim on behalf of all hourly-paid employees employed by Defendants within the three (3) years preceding the filing of this Complaint to recover monetary damages owed by Defendants to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty (40) each week.

74. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

75. 29 U.S.C. § 206 and 29 U.S.C. § 207 require employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

76. Defendants failed to pay Plaintiff and those similarly situated one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

77. Because these employees are similarly situated to Plaintiff, and are owed lawful overtime compensation for the same reasons, the proposed collective is properly defined as follows:

**All hourly-paid employees within the past three years.**

78. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

79. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including a reasonable attorney's fee, as provided by the FLSA.

80. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.
## THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

81. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

82. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

83. At all relevant times hereto, Defendants were Plaintiff's "employer" within the meaning of the AMWA.

84. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees one and one-half (1.5) times their regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

85. Defendants failed to pay Plaintiff a proper and lawful overtime premium of one and one-half (1.5) times his regular hourly rate for all hours worked over forty (40) per week, despite his entitlement thereto.

86. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

87. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, as provided by the AMWA.

88. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.
## FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

89. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

90. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, et seq.

91. At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

92. Defendants failed to pay Plaintiff and members of the proposed class lawful overtime wages for all hours worked over forty (40) per week as required under the AMWA, despite their entitlement thereto.

93. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid employees in Arkansas within the past three years.**

94. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

95. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and the proposed class for monetary damages, liquidated damages,

costs, and a reasonable attorney's fee, as provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

96. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dale Shepardson, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer herein;

B. That Defendants be required to account to Plaintiff, the collective and class members, and the Court for all of the hours worked by Plaintiff and the collective and class members and all monies paid to them;

C. A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

G. Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

H. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and attendant regulations;

J. An order directing Defendants to pay Plaintiff and members of the collective and class prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

K. Such other and further relief as this Court may deem necessary, just and proper.


Respectfully submitted,

**DALE SHEPARDSON, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Christopher Burks
Ark Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DALE SHEPARDSON, Individually
and on Behalf of All Others Similarly
Situated**                                                                **PLAINTIFF**

vs.                              No. 3:18-cv-_____

**MIDWAY INDUSTRIES, INC.; TOOL
STEEL SERVICE, INC.; and TOOL
STEEL SERVICE OF CALIFORNIA, INC.**                **DEFENDANTS**

### CONSENT TO JOIN COLLECTIVE ACTION

I was an hourly-paid employee of Defendants Midway Industries, Inc., Tool Steel Service, Inc., and Tool Steel Service of California, Inc. ("Defendants"), on or after October 4, 2015. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid overtime compensation. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:   **DALE SHEPARDSON**

Date:            10/04/2018

/s/ Josh Sanford
**Josh Sanford, Esq.
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com**


EXHIBIT A