# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

DALE SHEPARDSON, Individually and on Behalf of
All Others Similarly Situated               PLAINTIFF

V.                    CASE NO. 3:18-CV-3105

MIDWAY INDUSTRIES, INC.;
TOOL STEEL SERVICE, INC; and
TOOL STEEL SERVICE OF CALIFORNIA, INC.      DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the parties' Amended Joint Motion for Stipulated Collective Action Settlement and Settlement Approval (Doc. 26). The parties previously requested Court approval of a settlement agreement on March 6, 2019. See Docs. 20-21. However, the Court found the parties' proposed settlement deficient in a number of ways and denied the motion in a Memorandum Opinion and Order issued on July 1, 2019 (Doc. 24). In that Order, the Court explained its concerns regarding the settlement in some detail, including the following: that the proposed settlement agreement contained insufficient opt-in procedures; that the proposed settlement agreement did not adequately advise class members of their rights concerning Rule 23 claims made pursuant to the Arkansas Minimum Wage Act ("AMWA"); that the proposed settlement agreement's proposal for a common recovery fund did not properly disaggregate Fair Labor Standards Act ("FLSA") claims from AMWA claims; and that the Court could not reasonably determine, given the information provided by the parties at the time, whether the proposed settlement fully compensated all of the settlement class members for their claims or whether the settlement instead constituted a compromise of the class members' claims.

1

It appears the parties took the Court's criticisms to heart and have submitted a revised settlement agreement for approval. Upon review of the revised agreement (Doc. 26-1), the Court is satisfied that its previous concerns have now been addressed. First, the revised settlement agreement no longer attempts to settle claims on a class-wide basis for purported violations of the AMWA pursuant to a Rule 23 "opt-out" class action procedure. Instead, the parties seek only the certification of an "opt-in" settlement class under the FLSA. Second, the parties have revised the process by which settlement class members may opt into the class. The class members will now receive a form advising them of the terms of the settlement and their opportunity to opt in. Then they will be instructed to fill out an opt-in consent form (Doc. 26-2) and send that form to class counsel by a date certain. Any class members who do not timely complete their opt-in forms will not participate in the settlement and will not release any potential claims against Defendants. Third, the parties have calculated the total amount of unpaid overtime premiums to be paid to the sixteen known class members—plus Plaintiff—and have included in that calculation an amount of liquidated damages pursuant to the FLSA. Accordingly, Defendants have agreed to a class settlement fund of $5,344.42, which represents a full, uncompromised settlement amount. Finally, the parties have separately negotiated the amount of class counsel's attorney's fees, and the payment of class counsel's fees will not impair or reduce the Plaintiff's or the class's recovery.

**IT IS THEREFORE ORDERED** that the Amended Joint Motion for Stipulated Collective Action Settlement and Settlement Approval (Doc. 26) is **GRANTED**. In granting the motion, the Court makes the following specific findings:

1. Plaintiff and Defendants engaged in a bona fide dispute that was contested, litigated, and ultimately settled as a result of arms'-length negotiations.

2. A collective action pursuant to the FLSA is certified for settlement purposes only, with the settlement class defined as follows:

> All current and former employees of Midway who received paid time off in exchange for working overtime hours between October 5, 2015, and the date of execution of this Settlement Agreement.

3. The Court has reviewed the proposed Settlement Agreement (Doc. 26-1) and finds it to be fair, just, reasonable, and adequate to the class.

4. The notice (Doc. 26-2) and opt-in procedures (Doc. 26-1 at 2) that have been submitted by the parties comport with due process and appropriately inform the class as to the claims at issue. Accordingly, the notice and opt-in forms are approved by the Court, and they should be distributed in the manner set forth in the Settlement Agreement.

5. The Court appoints Josh Sanford of Sanford Law Firm, PLLC, to serve as class counsel. The Court believes class counsel will fairly and adequately protect the interests of the class.

6. As per the parties' Settlement Agreement, Defendants are to pay class counsel the total sum of $9,900.00 for attorney's fees, costs, and expenses related to the lawsuit. This payment of fees, costs, and expenses is separate from the total amount of funds that Defendants agree to pay to the class in settlement. Consequently, the parties aver that the amount class counsel will receive in fees and costs will not undercut Plaintiff's or the class's recovery.

7. Defendants agree to pay the total sum of $5,344.42 to the class members in settlement of their claims. Defendants will deliver the settlement checks to class counsel after the ninety-day opt-in period specified in the Settlement Agreement has expired. *See* Doc. 26-1 at 3. Class counsel will then distribute the checks to the class members.

8. Defendants also agree to deliver to class counsel a separate check in the amount of $2,000 for Plaintiff Dale Shepardson. Plaintiff agrees that this payment will fully resolve any and all claims he has separately asserted in this lawsuit against Defendants, including his individual claims for wrongful termination and denial of employment benefits. A separate settlement agreement will be executed between Plaintiff and Defendants concerning Plaintiff's non-wage-and-hour claims. Accordingly, Plaintiff's separate claims are **DISMISSED WITH PREJUDICE** due to settlement.

This case is **CLOSED**, but the parties may move to reopen it if some aspect of the settlement and/or distribution of funds to Plaintiff, the class, or class counsel are not completed or if Court intervention is otherwise required.

**IT IS SO ORDERED** on this 20th day of August, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4